IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY REILLY,

    Plaintiff,

v.                                                           No. 11-cv-1089 WJ/SMV

KMART CO.,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S FIRST MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's First Motion to Compel and Supporting Brief [Doc. 64], filed on April 4, 2013. Defendant responded on April 22, 2013. [Doc. 67]. Plaintiff filed an untimely reply on May 17, 2013, which the Court will not consider.[1] [Doc. 71]. The Court, having reviewed the timely briefing and the relevant law and being otherwise fully advised in the premises, finds that the motion is well-taken as to Interrogatory Number 4 and should be granted to that extent, but is not well-taken as to the Requests for Productions 27, 28, and 30 and should be denied to that extent.

### Background

This suit arises from Defendant's alleged age-based discrimination and retaliation against Plaintiff, who was terminated after working for Defendant for more than 30 years. [Doc. 21]

---

[1] "The failure of a party to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete." D.N.M.LR-Civ. 7.1(b). "A reply must be served within fourteen (14) calendar days after service of the response. [This] time period[] may be extended by agreement of all parties. For each agreed extension, the party requesting the extension *must* file a notice identifying the new deadline [on the record.]" D.N.M.LR-Civ. 7.4(a) (emphasis added). Here, the response was filed on April 4, 2013, but the reply was not filed until 25 days later. No notice of extension was filed on the record.

at 2, 5–9.  At issue before the Court currently is whether Defendant should be compelled to answer a certain interrogatory and respond to several requests for production (RFP).

## Standard

Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  To be admissible, the evidence must be relevant and material to the matters at issue in the case.  *See* Fed. R. Evid. 401.  When discovery requests are propounded, a responding party has 30 days to object to any request, and untimely objections are waived.  Fed. R. Civ. P. 33(b)(2), (4); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007).  If a responding party serves objections instead of responses, the propounding party has 21 days to file a motion to compel or the objections are deemed accepted.  D.N.M.LR-Civ. 26.6, 37.1.  "The party opposing discovery carries the burden of showing that the potential harm from discovery outweighs the relevance of the document sought."  *E.g., Salmeron v. Highlands Ford Sales, Inc.*, 220 F.R.D. 667, 670 (D.N.M. 2003).

## Defendant Will Answer Interrogatory Number 4.

Plaintiff served the following interrogatory on Defendant:

> State the name, address, telephone number of each store manager or store coach in the ***Region*** who was placed on a performance improvement plan (PIP) during the years 2008, 2009, 2010 and 2011. For each such store manager or store coach, state:
>
> The date of birth of the store manager or store coach;
>
> The dates on which he or she was employed as a store manager or coach;
>
> Whether the store manager or store coach was retained by Kmart at the end of the PIP, and, if not retained, the date of termination; and

>If the store manager or coach is no longer employed by Kmart, the reason for the separation from employment by Kmart.

[Doc. 64-1] at 3 (interrogatory number 4) (emphasis added).  Defendant objected on numerous grounds, [Doc. 64-1] at 3–4, which Plaintiff addressed in his motion to compel [Doc. 64] at 4–7.

In its response to the motion to compel, Defendant focuses on whether Plaintiff is entitled to an answer to interrogatory number 4 as to the applicable *region* or merely the applicable *district*.  Defendant explains that the applicable *district* includes 11 stores in New Mexico and Texas, whereas the applicable *region* includes 130 stores across the western United States.  [Doc. 67] at 2, 3.  Defendant does not dispute that Plaintiff is entitled to an answer to interrogatory number 4 as it relates to the *district*.  [Doc. 67] at 7, n.5.  Indeed, Defendant has already provided an answer with respect to the district.  *Id.*  Rather, Defendant argues that the broader, extra-district *regional* information is irrelevant and would be unduly burdensome to produce.  [Doc. 67] at 2−5, 8.

<u>The information sought is relevant.</u>

Plaintiff argues that the information is relevant because it may reveal "a disproportionate number of older store managers in [the applicable] region were placed on PIP's [sic] and then terminated, [which] would tend to make [Plaintiff]'s claim that [the regional manager] Mr. Martinez directed his district managers to 'weed out' older managers more probable than it would be without the evidence."  [Doc. 64] at 5 (citing Fed. R. Evid. 401).  Defendant responds that Plaintiff is not entitled to the information as it relates to the region beyond his district.  Defendant argues that the district—not the region—is Plaintiff's "employing unit," which generally, is the geographical limit for discovery in disparate treatment cases such as this one.

3

[Doc. 67] at 2–5 (citing *e.g., Joslin Dry Goods Co v. EEOC*, 483 F.2d 178, (10th Cir. 1973)). Defendant further argues that "the actual facts in this case" evidence the irrelevance of the extra-district regional information. [Doc. 67] at 5–8.

The Court agrees with Plaintiff. The information sought in interrogatory number 4 as to the *region* is relevant because Plaintiff has alleged that the regional manager Mr. Martinez directed his subordinate district managers to "weed out" older store managers. Accordingly, the Court finds that Plaintiff has shown a more particularized need for and the relevance of region-wide discovery. *See, e.g., Collins v. Wal-Mart Stores*, No. 06-2466-CM-DJW, 2008 U.S. Dist. LEXIS 36343, *7–8 (D. Kan. Apr. 30, 2008) (unpublished) (compiling cases and summarizing rules for geographical limits on discovery in disparate treatment cases); *see also White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1257–58 (D. Kan. 2008) (allowing company-wide discovery where the plaintiff showed a particularized need for, and the relevance of, such discovery because the employment decisions at issue were made on a company-wide basis rather than confined to the plaintiff's on-site department).

<u>Defendant has failed to show that answering the interrogatory would be unduly burdensome</u>

Defendant argues that producing the information requested in interrogatory number 4 for the entire region would be unduly burdensome because Defendant's staff would have to spend "hundreds of hours" reviewing and analyzing documents. [Doc. 67] at 8.

The Court finds that Defendant has not met its burden to show that the production would be overly burdensome. *See generally Segarra v. Potter*, No. CIV-02-1413 JB/LFG, 2004 U.S. Dist. LEXIS 31734, *17, 2004 WL 3426438, at * 7 (D.N.M. Apr. 5, 2004) (unpublished) ("The

Defendant did not submit any affidavit to support its contention. The word 'hundreds' can mean 200 or many more. The Court does not know; the Defendant did not meet its burden of establishing that the request is unduly burdensome."). First, Defendant has presented no affidavit or other evidence—beyond its counsel's argument—regarding how burdensome providing an answer would be. Second, Defendant has failed to explain, or even argue, why *every* means of answering allowed by the Rules would be unduly burdensome. For example, if the burden of reviewing and analyzing Defendant's documents would be substantially the same for either party, Defendant may produce its business records and allow Plaintiff to ascertain the answer to interrogatory number 4. *See* Fed. R. Civ. P. 33(d). Thus, Defendant has not shown that answering the interrogatory would be unduly burdensome, and it will be ordered to answer.

## Requests for Production 27 and 28

The Court will deny the motion as to RFPs 27 and 28 as untimely and waived. *See* D.N.M.LR-Civ. 37.1 (motions to compel must be filed within 21 days of objections or the objections are deemed accepted). Plaintiff originally propounded RFPs 27 and 28—labeled as RFPs 6 and 7—more than a year ago, on March 30, 2012. *See* [Doc. 64] at 7–8 (Plaintiff's explanation of the timeline); [Doc. 64-4] at 1–2 (letter from Plaintiff's counsel to Defendant's counsel re the RFPs 6 and 7); [Doc. 67] at 9 (Defendant's explanation of the timeline). On the parties' mutual agreement for an extension of time, Defendant served its objections on May 25, 2012. [Doc. 64] at 7. In an effort to address the objections, the parties continued to communicate and agreed to an extension of time to June 29, 2012, for Plaintiff to move to compel. [Docs. 64-2, 64-3] On June 29, 2012, the deadline to file the motion, Plaintiff's counsel wrote to Defendant's counsel with further proposals for resolving the objections. Plaintiff's

counsel concludes the letter, stating that he would file a motion to compel "by the end of the week," if the objections could not be resolved. [Doc. 64-4] at 3. However, Plaintiff did not file a motion to compel by the end of the week.

Instead, Plaintiff again served the disputed RFPs—this time numbered 27 and 28—on January 28, 2013. [Doc. 64] at 2. Not surprisingly, Defendant objected, and the instant motion to compel was filed on April 4, 2013. [Doc. 64]. Plaintiff's counsel explains that he "elected to again request production . . . after negotiations regarding [Defendant]'s objections concluded. [Defendant] has not been prejudiced in any manner by the fact that [Plaintiff's counsel] did not earlier file a motion to compel." [Doc. 64] at 8.

When a party is served with objections to an interrogatory rather than an answer, the party has 21 days to file a motion to compel. D.N.M.LR-Civ. 26.6. The 21-day time limit may be extended for good cause. *Id.* Here, Plaintiff failed to file a motion to compel within the 21-day time period and further fails to show good cause for his nine-month delay. Plaintiff was aware of the 21-day deadline because he and defense counsel agreed to extend it, but Plaintiff's only explanation for failing to meet the extended deadline is that his counsel "elected" to re-serve the disputed RFPs a second time. If Plaintiff did not accept Defendant's objections, he should have timely filed a motion to compel. Considering all of the circumstances, the Court will deny the motion with respect to RFPs 27 and 28 under D.N.M.LR-Civ. 26.6 and 37.1

**Request for Production 30**

Defendant reports that it has complied with RFP 30, and Plaintiff does not assert otherwise.[2] Therefore, the motion to compel is moot with respect to RFP 30.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's First Motion to Compel and Supporting Brief [Doc. 64] is **GRANTED IN PART and DENIED IN PART**, as follows:.

(1) The motion is granted with respect to Interrogatory number 4, and Defendant shall answer it within 30 days of the date of this order;

(2) The motion is denied with respect to Requests for Production 27 and 28 as untimely; and

(3) The motion is denied with respect to Request for Production 30 as moot.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] Plaintiff's motion erroneously refers to RFP 29.