IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERRY REILLY,

    Plaintiff,

v.                                    No. 11-cv-1089 WJ/SMV

KMART CO.,

    Defendant.

**TENTATIVE RULING ON
PLAINTIFF'S SECOND MOTION TO COMPEL**

This matter is before the Court on Plaintiff's Second Motion to Compel [Doc. 83], filed on September 4, 2013. Briefing on the motion is complete. [Docs. 83, 84, 86]. In an effort to resolve the dispute, I propose the following tentative ruling:

1.     Plaintiff counsel's efforts to contact Kmart's counsel satisfied Fed R. Civ. P. 37(a)(1). While the Court would prefer that counsel speak personally regarding discovery disputes before filing motions to compel, the Court recognizes that litigators have busy schedules, are often out of their office, and cannot always respond to requests for consultation within a reasonable time. I do not expect a movant to wait indefinitely for opposing counsel to get back to him. I am satisfied that Plaintiff's counsel made a good faith effort to confer with opposing counsel before filing the motion. I am also convinced, based on the briefs, that a conference, had it taken place, would not have resolved the dispute.

2.     I will not deny the motion on the ground that counsel did not attempt to call the Court during the deposition. An attorney should not have to seek the Court's intervention to coerce a witness into answering legitimate questions at a deposition. If Kmart's counsel had

instructed the witness not to answer the questions, that would be different, but it is my understanding that that was not the case.

3. The witness was unjustified in his refusal to answer the questions at his deposition. The questions were reasonably calculated to lead to the discovery of admissible evidence, and the information sought was not privileged. I will order that he be re-deposed. *See* Fed. R. Civ. P. 45. The only question is who should pay for the cost of the second deposition.

4. Rule 37(a)(5)(A) provides, in pertinent part:

> If [a motion to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, or the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

5. I understand that the witness was a Kmart employee at the time of his deposition and that he was represented by Kmart's counsel at the deposition. Counsel should have advised him to answer the questions. I assume that that did not happen. If those assumptions are correct, I will order Kmart to pay the cost of re-deposing the witness as well reasonable expenses, including attorney's fees, for (a) re-deposing the witness, and (b) briefing to the motion to compel. At the deponent's second deposition, the questioning will be restricted to the subject matter of the motion to compel. If my assumptions are incorrect—if the deponent was not a Kmart employee at the time of the deposition or was not represented at the deposition by Kmart's attorney—then I shall issue an order to show cause and give the deponent an opportunity to show why he should not pay the aforementioned expenses personally.

6. This is a tentative ruling only. Counsel are instructed to confer with each other to determine whether they are willing to accept the tentative ruling. If they are, counsel for Plaintiff

shall prepare an order, circulate it for approval, and submit it for my signature at vidmarchambers@nmcourt.fed.us no later than **October 14, 2013**.  If this tentative ruling does not resolve the dispute, then no later than **October 14, 2013**, counsel for Plaintiff shall notify my chambers and I will schedule a hearing on the motion. At the hearing, I will ask the party opposed to the tentative ruling to argue first.

      7.      If the tentative ruling resolves the issue, **within 14 days** after the deponent is re-deposed, counsel for Plaintiff shall prepare an affidavit regarding his reasonable expenses, including attorney's fees, incurred in re-deposing the deponent and briefing the motion to compel.  Counsel are instructed to confer on those expenses. If counsel agree, Plaintiff's counsel shall prepare an order, circulate it for approval, and submit it for my signature at vidmarchambers@nmcourt.fed.us **within 21 days** after the deponent is re-deposed. If counsel cannot agree, notify my chambers **within 21 days** after the deponent is re-deposed, and I will schedule a hearing on the amount of expenses to be awarded.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

3